UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC.,

    Plaintiff,

vs.

JOHN DOES 1-15,

    Defendants.
_____/

Case No. 12-CV-13667

HON. GEORGE CARAM STEEH

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS PRIOR TO RULE 26(f) CONFERENCE (DOC. # 3)

    Before the court is plaintiff's motion for leave to serve third-party subpoenas prior to a Fed. R. Civ. P. 26(f) conference, which under ordinary circumstances would be premature. Plaintiff, owner of the copyrights to sixteen films, alleges that 15 "John Doe" defendants have infringed those copyrights by accessing the films over the internet. Plaintiff seeks to discover the identities of the 15 defendants through their internet service providers (ISPs), by securing from the ISPs the identifying information associated with the internet protocol ("IP") addresses they assigned to those defendants.

    This court may permit plaintiff to seek discovery prior to the parties' initial conference for good cause. Fed. R. Civ. P. 26(b)(1). In a situation like this, where the defendant(s) may be identified only through such discovery, which is necessary to continue with the litigation, the court finds such good cause exists.

    Accordingly, plaintiff's motion is GRANTED. Plaintiff may serve a Fed. R. Civ. P. 45 subpoena on each of the three ISPs identified on Exhibit B to its motion, for the

purpose of obtaining the name and residential address of the defendants to this action. Such subpoenas shall include a return date no sooner than 60 days after the date of service.  Plaintiff shall attach a copy of this order to each subpoena that it issues. Disclosure of the information is ordered under 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose subscribers' identifying information upon court order.

ISPs receiving subpoenas pursuant to this order shall give written notice, which may include email notice, to the identified subscribers within 10 business days of the service of the subpoena, and include a copy of this order with such written notice.  If a motion to quash the subpoena is made by an ISP or defendant to this action, such motion must be made prior to the return date of the subpoena.  An ISP shall preserve all subpoenaed information pending the resolution of a timely filed motion to quash.

**IT IS SO ORDERED**.

Dated:  September 17, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 17, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk