UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC.,

    Plaintiff,

vs.

Case No. 12-CV-13667

HON. GEORGE CARAM STEEH

JOHN DOES 1-15,

    Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DOE 4'S MOTION TO DISMISS/SEVER, QUASH SUBPOENA AND FOR A PROTECTIVE ORDER (DOC. # 5)

### INTRODUCTION

Before the court is John Doe 4's *pro se* motion for dismissal/severance due to improper joinder and/or to quash the third-party subpoena, or for a protective order.[1] Because the court finds that putative defendants 2-15 have been improperly joined under Fed. R. Civ. P. 20(a) and that discretionary severance is appropriate, John Doe 4's motion to dismiss/sever is granted as to those defendants. Accordingly, the motion to quash is also granted as to those defendants. John Doe 4's motion for a protective order is thus denied as moot.

---

[1] The court hereby orders the motion submitted for decision without oral argument, as provided in E.D. Mich. LR 7.1(e)(2).

BACKGROUND

This case is like scores of similar lawsuits filed across the country by copyright owners alleging that a group of John Doe defendants downloaded their film(s) without authorization using a peer-to-peer file sharing network, here, BitTorrent. A general description of this protocol is found in this court's earlier decision on a motion to quash/sever in Patrick Collins, Inc. v. John Does 1-23, E.D. Mich. Case No. 11-cv-15231, Doc. # 8 (issued 3/26/12). See also Third Degree Films v. Does 1-47, 2012 WL 4498911 (D.Mass 2012), describing the technology:

> File sharing through the BitTorrent network begins with a single individual, often referred to as a "seed" user or "seeder," who intentionally chooses to share a particular file with a BitTorrent swarm. The original file in this case contains the entire Motion Picture. Once the file has been shared by the seed user, other members of the swarm can download the original file, which creates an exact digital copy on the computers of the downloading users. Each user requesting to download the file becomes a member of the swarm and consequently receives pieces of the original file. Eventually, the entire file is broken into pieces and distributed to various members of the swarm who may then "reassemble" the file by exchanging pieces with one another. Once a piece of the file is downloaded, it is immediately made available for distribution to other users seeking to download the file, subsequently turning each downloader into an uploader. This sequence leads to the "rapid viral sharing" of the file.

Id. at *1. The instant case was brought by Malibu Media, LLC, alleging that the 15 John Doe defendants in this case copied and distributed a website containing 16 registered copyrighted pornographic movies.

This court entered an order allowing plaintiff to serve third party subpoenas on defendants' Internet Service Providers ("ISP") prior to a Rule 26(f) conference. Prior to this discovery, plaintiff had no identifying information concerning the Doe defendants aside from their IP addresses, an identifier that is generated by the user's ISP, here,

Comcast. As in the above-cited Patrick Collins case, plaintiff alleges the 15 Doe defendants in this matter each used a BitTorrent client software program to transmit and receive film files in violation of federal copyright laws. Plaintiff alleges the 15 John Does are part of the same series of transactions because they were all part of the same "swarm" of peer users sharing the infringing film product files.

John Doe #4 has now filed a motion requesting that the court sever and dismiss the improperly joined defendants in this matter, and/or quash the subpoenas and issue a protective order. The court's discussion and decision on this request follows.

ANALYSIS

Resolution of the question presented here turns on whether joinder of a group of peer users, all alleged to have shared and downloaded infringing files stemming from the same seeder, is appropriate. John Doe 4's request is supported by the decision of the undersigned in the above-cited Patrick Collins case, as well as the similar decision issued by Judge Tarnow in another Patrick Collins case, E.D. Mich. Case No. 12-12596, Doc. # 8 (issued 8/28/12).

John Doe # 4 contends that the above-cited decisions fall in line with a national trend of decisional law concluding that joinder in cases like this one is improper. *See, e.g.*, Patrick Collins, Inc. v. John Does, et al., C.D. Cal. Case No. 12-cv-5267-JVS-RNB, ECF No. 21, 11/5/12. In contrast to those decisions, decisions in other district courts, including several in this district, have denied John Doe defendants' requests to sever and/or quash. These decisions have, according to attorney Morgan E. Pietz of Manhattan Beach, CA, made the Eastern District of Michigan a "hotbed for this kind of pornographic copyright reverse class action litigation." Malibu Media, LLC v. John Does

1-30, E.D. Mich. Case No. 12-13312, Doc. # 33 (briefing on Putative John Doe X's Motion to Sever at p. 3, citing the Declaration of Morgan E. Pietz at ¶ 31).

Nonetheless, the court again finds that joinder of the John Doe defendants in this matter is improper under Fed. R. Civ. P. 20(a)(2), as it found in the Patrick Collins matter. This is for the reasons that the alleged activity involves 15 different putative defendants, who represent only a tiny fraction of the "swarm" involved; several different ISPs; and "hit dates" spanning the period of approximately two months. The court finds these facts weigh heavily against a finding that John Does 1-15 were involved in the same "transaction" or "occurrence" as contemplated by Rule 20(a)(2). The court can discern no kind of definite or discrete relationship among such anonymous computer users sufficient to support an argument that "swarm joinder" is appropriate, and notes that the number of properly joined defendants under this theory would be vastly greater than 15.

However, whether or not joinder is technically appropriate in this case under Rule 20(a)(2), the court also relies on the discretion granted under Fed. R. Civ. P. 20(b) and 21 to sever John Does 2-15 in this action. This is for the reasons that each defendant to this matter will certainly advance different circumstances surrounding the alleged infringement, and significantly different defenses to the claims; also, each defendant will likely be represented by separate counsel or proceed *pro se*, which will present administrative inefficiencies if severance is not ordered.

As described in the case of Pacific Century Int'l, Ltd. v. Does 1-101, 2011 WL 5117424 at *3 (N.D.Cal Oct. 27, 2011), condemning joinder of the Does in that case as a "procedural albatross,"

> [t]o provide two illustrative examples, each Defendant would have the right to be present at every other Defendant's depositions–a thoroughly unmanageable and expensive ordeal. Similarly, pro se Defendants, who most likely would not e-file, would be required to serve every other Defendant with a copy of their pleadings and other submissions throughout the pendency of the action at substantial cost.

Id. While 15 John Does is not 101, the obstacles presented to *pro se* litigants by maintaining this case as a 15-defendant action are numerous. This court further notes that while joinder increases the defendants' burdens and costs, it minimizes the expenses of the party with greater resources, in particular by eliminating a huge percentage of the filing fees payable if each action is required to be filed separately. Finally, the court acknowledges plaintiff's argument in this court and elsewhere concerning judicial efficiency, but notes that its discretion to coordinate or consolidate matters, either permanently or for particular proceedings under applicable federal and local rules (i.e. Fed. R. Civ. P. 42 and E.D. Mich. L.R. 83), will allow for any efficiencies plaintiff argues the joinder provides.

## CONCLUSION

For the foregoing reasons, the court hereby **GRANTS IN PART and DENIES IN PART** John Doe 4's motion for dismissal or severance. John Does 2-15 are hereby severed from the action and the claims as to those defendants are dismissed. The previously issued subpoenas are hereby quashed (with the exception of the subpoena to John Doe 1's ISP, as to John Doe 1 only), and plaintiff shall immediately notify the ISP recipients of the subpoenas of this ruling. Further, plaintiff shall immediately transmit the ruling in this case to any of the John Does with which it has had contact based on those subpoenas. This civil action is hereby assigned to John Doe 1 as an

individual defendant, and plaintiff may file individual complaints against Doe defendants 2-15. Those complaints will be assigned separate civil action numbers by the clerk of the court upon plaintiff's payment of the associated filing fee. John Doe 4's motion for a protective order is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: January 10, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 10, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk